UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERIC V. SILVA,

    Plaintiff,

        vs.                              No. 3:14cv580 (WWE)(WIG)

DICK'S SPORTING GOODS, INC.,

    Defendant.
_____X

## RULING ON DEFENDANT'S MOTION TO COMPEL

This case is brought under the Family Medical Leave Act. Here, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant Dick's Sporting Goods, Inc. has moved to compel Plaintiff Eric Silva to produce a non-redacted complete copy of Plaintiff's 2,254 pages of Facebook messages. [Doc. # 22]. After due consideration of the moving papers and the response, the Court hereby DENIES the Motion to Compel.

## Background

Defendant's discovery requests to Plaintiff asked for, as relevant here, a copy of the contents of Plaintiff's accounts on any social media website, including Facebook. Plaintiff objected to the requests as overly broad, unduly burdensome, and outside the scope of this matter. The parties engaged in a series of discussion regarding the relevance of Plaintiff's Facebook posts: Defendant clarified that it was seeking communications Plaintiff made via wall posts and private messages if the communications related to Defendant, Plaintiff's employment with Defendant, Plaintiff's emotional feelings or mental health, and/or the allegations in the Complaint. Plaintiff initially produced a redacted version of his Facebook contents, and then supplemented this production with additional redacted Facebook communications. Defendant

1

argues that the redactions make it difficult to understand the context of the messages and asks the Court to order Plaintiff to produce a non-redacted copy of all of Plaintiff's Facebook.  Plaintiff responds that all relevant Facebook messages have been produced and that redactions are limited to content that is not relevant and not related to the Defendant, Plaintiff's employment with the Defendant, or the allegations in the Complaint.

## Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure outlines the scope of discovery.  Under the Rule, discovery encompasses any non-privileged matter relevant to the subject of the case, or which appears reasonably calculated to lead to the discovery of admissible evidence.  *See Chem. Bank v. Dana*, 149 F.R.D. 11, 13 (D. Conn. 1993).  Relevance is to be interpreted broadly: it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).   Matter not "reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1)." *Id.* at 351-52.  Even when a request seeks relevant matter, the court can limit such discovery when "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2)(C).  *See During v. City Univ. of New York*, No. 05 CIV. 6992(RCC), 2006 WL 2192843, at *4 (S.D.N.Y. Aug. 1, 2006) ("Even if the information sought is relevant, courts have the authority to forbid or to alter discovery that is unduly burdensome.").

## Discussion

Rule 26 governs this dispute.  That the instant motion seeks an order to compel social media communications, rather than hard copy materials, does not take it out of the ambit of Rule 26's relevancy requirements.  *See Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, 293

F.R.D. 112, 114 (E.D.N.Y. 2013). "[T]he fact that the information Defendant seeks is in an electronic file as opposed to a file cabinet does not give it the right to rummage through the entire file." *Id.* (internal quotation marks omitted).

Here, Defendant's request for an unredacted copy of all of Plaintiff's Facebook communications is too broad. There are approximately 2,254 pages of messages connected with Plaintiff's account. The Court credits Plaintiff's assurances that not all of these messages are relevant to the instant matter. Postings that are not germane to the issues in this case are not relevant and the Court will not compel them to be produced. *See Reid v. Ingerman Smith LLP*, No. CV 2012-0307 ILG MDG, 2012 WL 6720752, at *2 (E.D.N.Y. Dec. 27, 2012) (declining to order full disclosure of all communications in plaintiff's social medial accounts because "not all postings will be relevant to her claims."); *Palma v. Metro PCS Wireless, Inc.*, 18 F.Supp.3d 1346, 1347 (M.D. Fla. Apr. 29, 2014) (denying to order disclosure of all of plaintiff's social media posts on grounds that request was too broad and not tailored to be reasonably calculated to lead to the discovery of admissible evidence).

Plaintiff represents that he has already produced all responsive Facebook communications. Defendant contends that the manner in which Plaintiff redacted what communications he has produced make it difficult to ascertain the context of the messages, and that Plaintiff should not be able to determine which messages are relevant. Defendant has not, however, persuaded this Court that there is reason to compel Plaintiff to produce all posts in non-redacted form. For example, Doc. 23-12, filed with Defendant's motion, is a sample of redacted messages Plaintiff produced in the supplemental production. The Court notes that the conversation here jumps from topic to topic: Plaintiff and his friend discuss Plaintiff's job search in one post, and then attempt to make plans to get together in the next. Just based on this

sampling and its shifting, scattered tendencies, it is possible that non-relevant material would be sporadically interspersed within the communications. Court sees no reason to believe, contrary to Defendant's assertions, that redactions made mid-sentence, or heavy redactions on certain pages, are an effort on Plaintiff's part to flout discovery rules. Without more, the Court cannot order the relief Defendant requests. *See Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 22 (D. Conn. 2008) (accepting a party's representation it had produced all responsive documents in the absence of evidence to the contrary).

Defendant also argues that posts made during working hours are relevant to this litigation and should be produced in full. This, however, is an issue distinct from the subject of the Motion to Compel. That the Plaintiff made posts while at work may be relevant to Plaintiff's work performance; this does not, though, change the analysis regarding the broadness of the discovery request. That Plaintiff made a post during work time does not, without more, make the content of the post relevant.

Finally, Defendant maintains that to the extent Plaintiff seeks compensatory damages for emotional distress, it is entitled to any Facebook messages which reference emotional distress claims allegedly suffered as a result of Defendant's conduct. Here, however, Plaintiff has no such emotional distress claim. Even if the Court determines that emotional distress damages may be awardable to Plaintiff, this is still not a basis for ordering *all* of the communications to be disclosed in unredacted form. *See Giacchetto*, 293 F.R.D. 116 (observing that "the relationship of routine expressions of mood to a claim for emotional distress damages is…tenuous," and finding that only limited social media communications should be produced).

## Conclusion

Accordingly, for the reasons discussed above, Defendant's Motion to Compel is denied.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  19th   day of March, 2015, at Bridgeport, Connecticut.

 /s/ William I. Garfinkel
WILLIAM I. GARFINKEL
United States Magistrate Judge